

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 4, 1939

Honorable Howard Hartzog
Committee on State Affairs
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. O-384
Re: Who are "officers" within the
contemplation of the two year
tenure of office provision of
Article 16, Section 30, of the
Texas Constitution - as affect-
ing the constitutionality of a
State Civil Service Act.

We are in receipt of your letter of February 17, wherein
you request the opinion of this department on several questions re-
lating to the bills which are now pending before the Committee on
State affairs which purport to set up a Civil Service Commission for
all State departmental employees. Inasmuch as your first two ques-
tions are so closely interrelated, we shall discuss them together.
These questions are:

1. "Does the two year tenure for officers
under the Constitution in Texas include mere em-
ployees within the departments such as stenogra-
phers, etc.?"

2. "If not, who is an officer under this
constitutional limitation?"

Article 16, Section 30, of the Constitution of Texas pro-
vides in part: "The duration of all offices not fixed by this Con-
stitution shall never exceed two years * * *."

The Texas Supreme Court has repeatedly held that this pro-
vision forbids the Legislature to create the term of any office for
more than two years. The reason for this provision is well stated
by the Supreme Court in the case of Kimbrough vs. Barnett (1900) 93
Tex. 301, 55 S.W. 120, in the opinion by Brown, J., at page 121:

onorable Howard Hartzog, March 4, 1939, Page 2

"The convention which framed our Constitution named the principal officers who were to discharge the functions of government for the state and counties and some subdivisions of counties, and to each named office from Governor to constable, except notary public, fixed a term for which it should be held. The terms ranged from six years for the appellate courts and railroad commissioners down to two years for almost every other office. It is manifest that the convention did not desire or intend that public servants of this state should hold their offices for a great length of time, but it was the policy that they should return to the power under which they received their authority for its renewal at short intervals; and having applied this rule to all the offices named by them, save the one, it placed a limitation upon the action of the Legislature as to such offices as it might create."

Statutes and ordinances which have attempted to create offices for a term longer than two years have been declared unconstitutional. San Antonio Independent School District vs. State, (Ct. Civ. App., writ of error refused) 173 S.W. 525; Commissioners' Court of Limestone County, et al. vs. Garrett, et al. (Tex. Comm. App.) 1922) 236 S.W. 970 (reversed 230 S.W. 1010).

As will hereinafter be shown, the term "office" as used in Article 16, Section 30, of the Constitution does not apply to all positions of employment of the state or its subdivisions, but only to certain classes of positions. The Constitution does not attempt to define the generic terms "office" or "officers". Many general definitions can be found in the text books and cases, but the application of these definitions to specific borderline cases is extremely difficult. Considerable confusion exists in the Texas cases in applying the definitions to specific instances in distinguishing between "officers" and other classifications.

The most favored definition of the term "office", which has been quoted with approval many times by Texas courts, is the one given by Mechem in his work on Public Officers, as follows:

"A public office is the right, authority and duty created and conferred by law, by which, for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of government, to be exercised by him for the benefit of the public* * *. The most important characteristic which distinguishes

the creation and conferring of an office involves
a delegation to the individual of some of the sov-
ereign functions of government, to be exercised by
him for the benefit of the public; that some por-
tion of the sovereignty of the country, either leg-
islative, executive, or judicial, attaches for the
time being, to be exercised for the public benefit.
Unless the powers conferred are of this nature, the
individual is not a public officer."

As a guide for the application of this definition, let us
examine specific instances wherein the Texas courts have distin-
guished between an officer and a non-officer, and the criteria upon
which they have based such distinctions. Policemen were held to be
"officers" within the meaning of Article 16, Section 30, of the Con-
stitution in McDonald, et al. vs. City of Dallas, et al. (Dallas Ct.
of Civ. App, 1934) 69 S.W. (2d) 175, affirmed by Supreme Court in
98 S.W. (2d) 167, reversed on other grounds in 103 S.W. (2d) 725
and 107 S.W. (2d) 987. The Court of Civil Appeals pointed out that
a policeman was defined as a "peace officer" by Article 36 of the
Code of Criminal Procedure, 1925. Policemen and firemen have been
regarded as officers. Callaghan, Mayor vs. McGown (Ct. of Civ. App.
1905), 90 S.W. 319, writ of error refused. In City of Houston vs.
Albers, 32 Tex. Civ. App. 70, 73 S.W. 1084, it was held that under
the Civil Service provisions of the Houston charter, policemen held
office for two years on good behavior, but that because of Article
16, Section 30, of the Constitution, they ceased to be officers de
jure two years from their appointment, unless reappointed.

In Ellis vs. Holcombe, 69 S.W. (2d) 449, writ of error re-
fused, the court declared that the "superintendent of the identifi-
cation bureau of the police department of the city * * * is not an
officer of the city, but a highly qualified expert employee working
in the police department of the city." On the other hand, a warrant
officer in the same police department was held to be an "officer" by
the Texas Supreme Court in Holcombe vs. Grote, 102 S.W. (2d) 1041,
if such office had ever been legally created. In this case it was
held that the office of warrant officer had not been created by the
charter for the reason that it did not specify the number of such
offices. The court said: "An ordinance attempting to create an
indefinite number of offices without a maximum limitation is void."
A city clerk has been held to be an officer, State ex rel. Bovee
vs. Catlin, 84 Tex. 48, 19 S.W. 302. A city Superintendent of
Schools is an officer. Kimbrough vs. Barnett,(Tex. S. Ct. 1900),
93 Tex. 301, 55 S.W. 120; but an assistant County School Superinten-
dent was held not to be an officer, Neeper vs. Stewart (Eastland Ct.
Civ. App. 1933), 66 S.W. (2d) 812, writ of error refused. In this
case the court said that since the Superintendent should at all times
have the right to discharge his assistant because he was responsible
for his acts, such assistant should not be considered an officer. For

the same reason a deputy public weigher was held to be an "officer" in Findley vs. Galloway, (Dallas Ct. of Civ. App, 1923) 246 S.W. 681. In Pfeffer vs. Mahnke, 260 S.W. 1031, the Commission of Appeals declared that the chief clerks of the Comptroller and Secretary of State were officers, for the reason that they perform their duties "by virtue of authority of the Legislature in the same way that their chiefs perform them."

"The Deputy Sheriff is an officer known to the law* * *," Towns vs. Harris, 13 Tex. 507. Likewise a deputy county clerk is an officer. Donges vs. Beall, 41 S.W. (2d) 531, writ of error refused. Members of a school board are officers. San Antonio Independent School District vs. State, 173 S.W. 525, writ of error refused, as are members of a board of road commissioners, Commissioners' Court of Limestone County vs. Garrett, Tex. Comm. of Appeals, 1922, 236 S.W. 970. A deputy supervisor appointed by the Railroad Commission was declared to be an officer by a conference opinion of C. M. Cureton, Attorney General, for the reason, in part, that the statute used the word "appoint" rather than "employ". Special counsel employed by the Attorney General was held not to be an officer by the Supreme Court in Terrell vs. Sparks, 104 Tex. 191, 135 S.W. 519, for the reason that he was not required to take the oath of office and "had no official relation" to the Attorney General. An assistant city attorney was held not to be an officer, Nail vs. State, 59 Crim. Rep. 484, 129 S.W. 630. In this case the court drew a distinction between the designation of "assistant" and "deputy", implying that deputies are officers, but assistants are not. In the case of Robertson vs. Ellis County (Ct. of Civ. App.) 84 S.W. 1097, the court held that a district court stenographer was not an officer, even though the Legislature provided for the position and prescribed that he take the oath of office. After quoting Mechem's definition of an office, quoted above, the court held that the two year limitation of Article 16, Section 30, did not apply to a court stenographer, saying:

> "We conclude that while the position of a stenographer, under the statute in this state, may be, in a sense, an office, and the term thereof may continue for a period longer than two years, yet there is no such sovereign function of government embraced in the powers conferred upon the individual performing its duties as brings it within the meaning of the word 'office' as used in the section of the Constitution quoted."

Based upon the foregoing decisions of the courts, and attempting to apply the various criteria suggested by them, we can safely conclude that all persons who are elected to their positions are "officers" within the meaning of Article 16, Section 30, of the Constitution, and of those persons obtaining their positions by ap-

pointment, only those are officers who are authorized by statute to perform governmental functions in their own right involving some exercise of discretion. All others are not officers, but mere employees.

We believe that the two year limitation of tenure prescribed by Article 16, Section 30, of the Texas Constitution applies only to "offices" as defined above, and would not apply to "mere employees within departments such as stenographers, etc."

Your third question reads:

"If an employee within a department in Texas is not an officer would a merit system with security of tenure based upon competence be constitutional for more than two years?"

It is our opinion that a civil service statute providing for tenure of office on good behavior and efficient service would not violate the two year tenure provision of the Constitution as applied to State employees who are not "officers". The civil service provisions in many city charters have been upheld as valid. Callaghan, Mayor vs. McGown, 90 S.W. 319, writ of error refused; Holcombe vs. Grote, Tex. S. Ct. 1937, 102 S.W. (2d) 1041. Moreover, where civil service provisions in city charters have been applied to "officers" such as policemen, the courts have "read into" the civil service provisions the constitutional two year limitation, so as not to invalidate the civil service provisions. Callaghan, Mayor vs. McGown supra; City of Houston vs. Albers, 73 S.W. 525; 34 Tex. Jur. 365: "And the provision (Art. 16, Sec. 30) is not violated by civil service provisions in statute and municipal charters that officers shall hold their positions during efficient service and good behavior; these will be construed in connection with the Constitution to mean that positions shall be held during good behavior for a period not exceeding two years."

Question four reads:

"In view of the above, would a state civil service system for departmental employees be constitutional?"

So far as Article 16, Section 30, is concerned, it is our opinion that it would not be unconstitutional. We would, of course, be unable to pass upon all other possible phases of such an act with-

out having the act itself before us.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Walter R. Koch

Walter R. Koch
Assistant

WRK:FG

APPROVED:

ATTORNEY GENERAL OF TEXAS